UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DAVID NOEL,

        Plaintiff,

   vs.

CITY OF OROVILLE, LIZ EHRENSTROM, SHARON ATTEBERRY ERIC TEITELMAN, AND DOES 1 THROUGH 1,000, inclusive,

        Defendants.

NO. 2:07-CV-00728 WBS EFB

MEMORANDUM AND ORDER RE: MOTION TO DISMISS; MOTION FOR SANCTIONS

----oo0oo----

Plaintiff David Noel brought this action against defendants City of Oroville, Sharon Atteberry (Oroville's City Administrator), Eric Teitelman (Oroville's Community Services Director), and Liz Ehrenstrom (Oroville's Human Resources Analyst) alleging claims under the Americans with Disabilities Act, California's Fair Employment and Housing Act, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the California Tort Claims Act,

1

arising out of his employment with Oroville.[1] Defendants now move to dismiss plaintiff's first amended complaint ("FAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and for sanctions against plaintiff pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the court's inherent powers.

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the pleader. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Dismissal is appropriate, however, where the pleader fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

In general, the court may not consider material other than the facts alleged in the complaint when deciding a motion to dismiss. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996) ("A motion to dismiss . . . must be treated as a motion for summary judgment . . . if either party . . . submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials."). However, the court may consider materials of which it may take judicial

---

[1] The Court will refer to Atteberry, Teitelman and Ehrenstrom as the "individual defendants" and Oroville as the "entity defendant."

2

notice, including matters of public record.  Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988); Fed. R. Evid. 201(b) (defining the scope of judicial notice); see also Mack v. S. Bay Beer Distribs., 798 F.2d 1279, 1282 (9th Cir. 1986) (noting that reliance on matters of public record "does not convert a Rule 12(b)(6) motion to one for summary judgment"), abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104 (1991).[2]

### A.   Constitutional Claims

Plaintiff's first cause of action alleges a deprivation of liberty and property interests in violation of 42 U.S.C. § 1983 against the City of Oroville.

#### 1.   Deprivation of Liberty Interest

Defendants argue that the FAC fails to state a cognizable claim for deprivation of liberty interests. Plaintiff's "'liberty interest is implicated only when the state makes a charge against him that might seriously damage his standing and associations in his community.'" Llamas v. Butte Cmty. College Dist., 238 F.3d 1123, 1129 (9th Cir. 2001) (quoting Stretten v. Wadsworth Veterans Hosp., 537 F.2d 361, 365 (9th Cir. 1976) (internal quotations omitted)).  Under the Supreme Court's

---

[2] Defendants request the court take judicial notice of several documents, including the Memorandum of Understanding between plaintiff and Oroville, Oroville personnel rules and regulations, and various administrative complaints filed by plaintiff with Oroville and public agencies.  The court takes judicial notice of all of these documents.  Branch v. Tunnel, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds, Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002) (Courts may properly review "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading.").

3

1 holding in <u>Board of Regents v. Roth</u>, 408 U.S. 564, 573 (1972),
2 "due process protections will apply if 1) the accuracy of the
3 charge is contested; 2) there is some public disclosure of the
4 charge; and 3) it is made in connection with the termination of
5 employment or the alteration of some right or status recognized
6 by state law."  <u>Llamas</u>, 238 F.3d at 1129 (citations omitted).

7 Plaintiff's allegations do not implicate fundamental
8 liberty interests.  The Ninth Circuit "has described the stigma
9 that infringes liberty interests as that which '<u>seriously</u> damages
10 a person's reputation or <u>significantly</u> forecloses his freedom to
11 take advantage of other employment opportunities. . . .'"  <u>Bollow
12 v. Fed. Reserve Bank</u>, 650 F.2d 1093, 1101 (9th Cir. 1981)
13 (citations omitted) (emphasis in original).  The Ninth Circuit
14 has "set the boundary of liberty interests at accusations of
15 'moral turpitude,' such as dishonesty or immorality--i.e.,
16 charges that do not reach this level of severity do not infringe
17 constitutional liberty interests."  <u>Id.</u>

18 Plaintiff alleges that defendants harmed plaintiff's
19 reputation by disclosing to others that he was unfit for duty
20 due to his disability.  (FAC ¶¶ 39-40.)  Comments concerning
21 plaintiff's ability to perform his job's duties are insufficient
22 to implicate plaintiff's liberty interests.  <u>See</u> <u>Loehr v. Ventura
23 County Cmty. College Dist.</u>, 743 F.2d 1310, 1317 (9th Cir. 1984)
24 (allegations of incompetence and disclosing investigatory grand
25 jury proceedings insufficiently stigmatizing to infringe
26 protected liberty interests); <u>see also</u> <u>Gray v. Union County
27 Intermediate Educ. Dist.</u>, 520 F.2d 803, 806 (9th Cir. 1975)
28 (charges of "insubordination, incompetence, hostility toward

4

authority, and aggressive behavior" are insufficiently stigmatizing to implicate a constitutional liberty interest).

Moreover, plaintiff's argument that defendants' characterization of plaintiff as disabled is stigmatizing--made in connection with ADA causes of action--is untenable given the detailed federal and state statutory regimes designed to protect the disabled as a class and prevent them from being stigmatized. It surely cannot be plaintiff's intention to assert that being disabled equates to moral turpitude.

### 2. Deprivation of Employment Compensation

Plaintiff alleges the City of Oroville withheld monies rightfully due to plaintiff, which constituted an unlawful conversion by defendants, who, according to plaintiff, were acting under color of law. (FAC ¶ 37.) Defendants argue that these allegations fail to state a cognizable § 1983 claim because plaintiff does not identify which provision of the Constitution plaintiff believes to have been violated by the withholding of money and plaintiff impermissibly attempts to constiutionalize state wage and hour law. (Mot. to Dismiss 9.)

"In order to allege a claim upon which relief may be granted under § 1983, a plaintiff must show that he or she has been deprived of a right secured by the Constitution and laws of the United States and that the deprivation was under color of state law." Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) (internal quotation and citation omitted). Defendants are correct that plaintiff does not, in his first cause of action, identify a constitutional right that defendants allegedly violated by withholding money to which plaintiff claims he was

5

rightfully entitled. However, reading the complaint in the light most favorable to plaintiff, plaintiff's allegations could be construed as alleging that he was deprived of his property interest in his wages without due process. The court must therefore determine whether the allegations of the second part of plaintiff's first cause of action are sufficient to state a procedural due process claim.

To determine whether plaintiff has a protected property interest in his wages, the court must look to state law. See Clements v. Airport Auth. of Washoe County, 69 F.3d 321, 331 (9th Cir. 1995). Although public employees in California have no vested right in the tenure of their employment, the California courts have held that public employees do have rights to certain benefits of employment, including the right to salary that has been earned. See California League of City Employee Ass'ns v. Palos Verdes Library Dist., 87 Cal. App. 3d 135, 139-40 (1978) (citing cases). However, even though the court must look to state law in determining what constitutes a property interest, it "must look to federal constitutional law to determine whether the interest is of the kind protect by the Fourteenth Amendment." Portman v. County of Santa Clara, 995 F.2d 898, 905 (9th Cir. 1993).

Plaintiff appears to be claiming a generalized constitutional right to employment compensation, which defendants argue has no basis in law. The Ninth Circuit has held that the deprivation of pension or disability benefits amounts to the deprivation of constitutionally protected property. See Raditch v. United States, 929 F.2d 478, 480 (9th Cir. 1991) (federal

6

disability payments); <u>Knudson v. Ellensburg</u>, 832 F.2d 1142, 1144-45 (9th Cir. 1987) (municipal disability payments); <u>Ostlund v. Bobb</u>, 825 F.2d 1371, 1373 (9th Cir. 1987) ("Unquestionably, the claimant had a property interest in his disability retirement benefits."), <u>cert</u>. <u>denied</u>, 486 U.S. 1033 (1988).  Given the liberal federal notice pleading standards, the court cannot dismiss plaintiff's § 1983 claim for deprivation of compensation.

     B.   <u>Disability Discrimination Claims</u>

Plaintiff alleges disability discrimination in violation of the ADA in second, fourth, sixth causes of action, and violation of FEHA in his third, fifth, and seventh causes of action.  Plaintiff's second and third claims allege disability discrimination, his fourth and fifth claims allege failure to provide reasonable accommodations, and his sixth and seventh claims allege retaliation.  Plaintiff brings his sixth and seventh claims against all defendants.  Plaintiff's second, third, fourth, and fifth claims are alleged only against the entity defendant.

The general rule of the ADA is that

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).  "To state a prima facie case under the ADA, a plaintiff must prove that he is a qualified individual with a disability who suffered an adverse employment action because of his disability."  <u>Sanders v. Arneson Prods.</u>, 91 F.3d 1351, 1353 (9th Cir. 1996).  Under California law, it is an

7

unlawful employment practice "[f]or an employer . . . to fail to make reasonable accommodation for the known physical . . . disability of an . . . employee," unless the employer is able to demonstrate that such accommodation would produce undue hardship to its operation.  Cal. Gov't Code § 12940(m).

### 1. Claims Against Individual Defendants

Defendants move to dismiss plaintiff's retaliation claim under the ADA, as against the individual defendants, because these claims are not legally cognizable against individual employees as opposed to an employer.

The Ninth Circuit has held that because Title I of the ADA adopts the same definition of "employer" as Title VII, "individual defendants cannot be held personally liable for violations of the ADA." Walsh v. Nevada Dep't of Human Resources, 471 F.3d 1033, 1038 (9th Cir. 2006) (citing and adopting the logic of Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587 (9th Cir. 1993) ("[I]ndividual defendants cannot be held liable for damages under Title VII . . . .")). Defendants now acknowledge this, and on October 15, 2007 filed a "Notice of Errata," dismissing the sixth cause of action as against the individual defendants. Accordingly, plaintiff's sixth cause of action, as against the individual defendants, will be dismissed.

### 2. Exhaustion of Administrative Remedies

Defendants move to dismiss all plaintiff's ADA and FEHA claims for failure to exhaust administrative remedies. Compliance with the administrative process is jurisdictional for ADA claims. Vasquez v. County of Los Angeles, 349 F.3d 634, 644 (9th Cir. 2003) ("To establish subject matter jurisdiction over

8

his Title VII retaliation claim, Vasquez must have exhausted his administrative remedies by filing a timely charge with the EEOC.")[3]  The "rule of exhaustion of administrative remedies is well established in California jurisprudence. . . ." Campbell v. Regents of the Univ. Of Cal., 35 Cal.4th 311, 321 (2005). "[W]here an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act." Id.  (quoting Abelleira v. Dist. Court of Appeal, 17 Cal. 2d 280, 292 (1941)). Exhaustion of administrative remedies is a "jurisdictional prerequisite to resort to the courts," not a matter of judicial discretion. Palmer v. Regents of Univ. of Cal., 107 Cal. App. 4th 899, 904 (2003)

FEHA requires an employee to file a charge with the DFEH within one year of the date of the allegedly wrongful act, California Government Code § 12960, while the ADA requires an employee to file a charge with the EEOC within 300 days (or 180 days if no charges have been filed with a comparable state agency), 42 U.S.C. § 12117(a).  On December 7, 2005, plaintiff filed a complaint with the DFEH and the EEOC, asserting he was denied reinstatement on July 21, 2005 due to his disability. (Sarno Decl. Ex. A.)  Plaintiff contends that he provided a note from his physician stating he was fit for duty on July 21, 2005. (Id.)  Plaintiff filed a second DFEH complaint on November 15, 2006, alleging disability discrimination when defendants did not allow him to return to work on March 22, 2006, in which plaintiff

---

[3] 42 U.S.C. § 12117(a) adopts Title VII remedies and procedures for enforcement of the ADA.

provided a detailed report by a neutral third party doctor stating that he was fit for duty. (Id. Ex. C.)

Defendants do not challenge the timeliness of plaintiff's filing, but argue that plaintiff's administrative complaints do not reasonably relate to the majority of plaintiff's allegations in his judicial complaint. "Allegations in [a] civil complaint that fall outside of the scope of the administrative charge are barred for failure to exhaust." Rodriquez v. Airborne Express, 265 F.3d 890, 897 (9th Cir. 2001). However, as the Ninth Circuit explained in Rodriquez, "[t]his standard is met where the allegations in the civil suit are within the scope of the administrative investigation 'which can reasonably be expected to grow out of the charge of discrimination.'" Id. (quoting Sandhu v. Lockheed Missiles & Space Co., 26 Cal. App. 4th 846, 859, (1994)). "In determining whether a plaintiff has exhausted allegations that she did not specify in her administrative charge, it is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1100 (9th Cir. 2002).

Plaintiff's administrative complaints allege that plaintiff was denied reinstatement to his position on July 21, 2005, and again from March 22, 2006 through November 9, 2006, due to his disability. (Sarno Decl. Exs. A & C.) Defendants argue that these complaints represent two distinct actions by defendants and allegations not relating those actions are barred.

10

However, this court has subject matter jurisdiction over discrimination that falls "within the scope of the EEOC's <u>actual investigation</u> or an EEOC investigation which <u>can reasonably be expected</u> to grow out of the charge of discrimination." <u>Freeman v. Oakland Unified Sch. Dist.</u>, 291 F.3d 632, 636 (9th Cir. 2002) (quoting <u>B.K.B.</u>, 276 F.3d at 1100 (further citations omitted) (emphasis in original)).

At this early stage in the litigation, it is difficult for the court to conclude that the EEOC or DFEH did not or would not have investigated other discriminatory conduct on basis of plaintiff's administrative complaints. Further, plaintiff, in his administrative complaints, checked the box for discrimination on the basis of disability. <u>See</u> <u>B.K.B.</u>, 276 F.3d at 1100-03 (even though the factual development was sparse, the district court erred in granting defendants summary judgment on claims relating to sex discrimination when plaintiff checked the box indicating sex discrimination in her administrative complaint). Consequentially, plaintiff's disability discrimination claims as against the City of Oroville and the FEHA retaliation claim against the individual defendants are not barred for failure to exhaust.

This conclusion is bolstered by the fact that administrative "charges must be construed with great liberality, especially when the complainant is acting pro se," as plaintiff was at the time of filing his administrative complaints, and that "[t]hese procedural requirements, as with all provisions of FEHA, are to 'be construed liberally for the accomplishment of the purposes [of FEHA].'" <u>Rodriguez</u>, 265 F.3d at 897 (quoting Cal.

11

Gov't Code § 12993(a)).

However, under California law, failure to list the individual defendants in the administrative complaint precludes a civil action against those individual defendants. <u>Medix Ambulance Serv. v. Superior Court</u>, 97 Cal. App. 4th 109, 116-18 (2002). Here, plaintiff only listed Ehrenstrom's name in his DFEH complaints. Accordingly, the FEHA retaliation claim, the seventh cause of action, as against Atteberry and Teitelman must be dismissed. However, defendants' motion to dismiss this claim, as against Ehrenstrom and the City of Oroville must be denied.

    C.    <u>Breach of Contract</u>

Public employment in California is held by statute, not by contract. <u>See</u> <u>Miller v. California</u>, 18 Cal. 3d 808, 813 (1977) ("[I]t is well settled in California that public employment is not held by contract but by statute . . . ."). Therefore, "insofar as the duration of such employment is concerned, no employee has a vested contractual right to continue in employment beyond the time or contrary to the terms and conditions fixed by law." <u>Id.</u> Pursuant to this general principle, the California "Supreme Court has made clear that civil service employees cannot state a cause of action for breach of contract . . . ." <u>Kim v. Regents of the Univ. of California</u>, 80 Cal. App. 4th 160, 164 (2000) (citing <u>Shoemaker v. Myers</u>, 52 Cal. 3d 1, 23-24 (1990) (further stating that this "principle of law applies to civil service and noncivil service public employees alike")); <u>see also</u> <u>Kemmerer v. County of Fresno</u>, 200 Cal. App. 3d 1426, 1433-34 (1988) (holding that causes of action premised on alleged existence of employment contract between a

12

public employee and a county were properly dismissed because public employees have no contractual rights in the terms of their employment). Accordingly, because plaintiff was a public employee, his breach of contract claim must be dismissed.

### D. Defendants' Motion for Sanctions

Defendants move for sanctions, pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the court's inherent powers. The court may impose sanction on its own initiative, pursuant to Federal Rule of Civil Procedure 11(c)(1)(B).[4] The court may also award attorney's fees, pursuant to 28 U.S.C. § 1927, against "any attorney . . . who . . . multiplies the proceedings in any case unreasonably and vexatiously." Further, "a federal court has the inherent power to sanction for conduct which abuses the judicial process." United States v. Johnson, 327 F.3d 554, 560 (7th Cir. 2003) (quoting Barnhill v. United States, 11 F.3d 1360, 1367 (7th Cir. 1993)).

The court declines to impose sanctions for three reasons. One, contrary to defendants' contention that plaintiff's FAC is even more incomprehensible than his original complaint, plaintiff did cure many of the defects the court pointed out at the July 23, 2007 oral argument. Two, plaintiff voluntarily dismissed his original complaint. The court will not sanction an attorney for filing a FAC that contains legal errors when that attorney voluntarily dismissed the complaint. However, the court reserves the power to impose sanctions if plaintiff's

---

[4] Defendants did not move for sanctions by separate motion of a party, pursuant to Federal Rule of Civil Procedure 11(c)(1)(A).

13

second amended complaint repeats the errors of his first.  Third, even though the court previously advised plaintiff that the ADA does not provide for individual liability, the court declines to impose sanctions.[5]  The court does not find that this error merits sanctions at this time.  Accordingly, defendant's motion for sanctions will be denied.

IT IS THEREFORE ORDERED that:

(1) defendants' motion to dismiss plaintiff's first cause of action for deprivation of liberty be, and the same hereby is, GRANTED;

(2) defendants' motion to dismiss plaintiff's first cause of action for deprivation of property be, and the same hereby is, DENIED;

(3) defendants' motion to dismiss plaintiff's second, third, fourth, and fifth causes of action be, and the same hereby is, DENIED;

(4) defendants' motion to dismiss plaintiff's sixth cause of action, as against defendants Atteberry, Teitelman, and Ehrenstrom, be, and the same hereby is, GRANTED;

(5) defendants' motion to dismiss plaintiff's sixth cause of action, as against the City of Oroville be, and the same hereby is, DENIED;

---

[5] Defendants' motion to dismiss the complaint erroneously argued that all of plaintiff's FEHA claims against the individual defendants in the complaint were not cognizable.  However, individual liability under FEHA for retaliation claims is <u>not</u> precluded as a matter of law.  <u>See generally</u>, <u>Ross v. San Francisco Bay Area Rapid Transit Dist.</u>, 146 Cal. App. 4th 1507, 1517 (2007) ("In contrast to discrimination claims, retaliation claims under FEHA may be asserted against individual employees." (citing Gov't Code § 12940(h)); <u>Taylor v. City of Los Angeles Dept. of Water and Power</u>, 144 Cal. App. 4th 1216, 1237 (2006)).

14

(6) defendants' motion to dismiss plaintiff's seventh cause of action, as against defendants Atteberry and Teitelman be, and the same hereby is, GRANTED;

(7) defendants' motion to dismiss plaintiff's seventh cause of action be, as against defendants Ehrenstrom and the City of Oroville be, and the same hereby is, DENIED;

(8) defendants' motion to dismiss plaintiff's eighth cause of action be, and the same hereby is, GRANTED;

(9) plaintiff is given thirty days from the date of service of this order to file an amended complaint consistent with this order; and

(10) defendants' motion for sanctions, pursuant to 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, and the court's inherent power be, and the same hereby is, DENIED.

DATED:  October 15, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE