UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DAVID NOEL,

      Plaintiff,                  CIV. NO. 07-00728 WBS KJM

vs.

CITY OF OROVILLE; LIZ EHRENSTROM; SHARON ATTEBERRY; ERIC TEITELMAN; and DOES 1 through 1000, INCLUSIVE,

      Defendants.

<u>ORDER RE: MOTION TO CONSOLIDATE</u>

_____/

CHRISTINE LASIK,

      Plaintiff,                  CIV. NO. 07-01714 WBS KJM

vs.

CITY OF OROVILLE, PAT GRIFFIN-CLARK; LIZ EHRENSTROM; SHARON ATTEBERRY, ERIC TEITELMAN; and DOES 1 through 1000, INCLUSIVE,

      Defendants.

_____/

AND RELATED CROSS-CLAIMS.

_____/

----oo0oo----

1

1  Plaintiffs David Noel and Christine Lasik filed
2 separate disability discrimination and failure to accommodate
3 actions against defendants City of Oroville ("City"), Liz
4 Ehrenstrom, Sharon Atteberry, and Eric Teitelman[1] based on
5 discrimination they allegedly suffered during their employment
6 with the City.  Defendants now move to consolidate the above-
7 referenced actions.

I.  Factual and Procedural Background

9  Noel began working for the City in 1988 and, beginning
10 in January 1997, served as the City's Fire Marshal and Building
11 Official.  (Noel's Second Am. Compl. ("SAC") ¶ 12.)  In late
12 2002, however, Noel sustained an intraventricular hemorrhage to
13 his brain.  (Id. at ¶ 13.)  He eventually returned to work, but
14 continued to suffer from frequent headaches and short term memory
15 loss as a result of his brain injury.  (Id. at ¶ 14.)

16  Beginning in October 2003, defendants allegedly began
17 discriminating against and harassing Noel because of his
18 condition and have failed to make accommodations for him.  (Id.
19 at ¶¶ 16, 20.)  For example, defendants have required Noel to
20 memorialize personal information, keep a daily log of his
21 activities, take fitness for duty examinations, forgo staff
22 support, and undertake an increased workload.  (Id. at ¶¶ 17, 19
23 22, 24, 26, 28-29.)  After Noel returned from a forced
24 administrative leave, defendants also relocated him from the City
25 Hall--where all other city employees work--to the State Theater.

---

[1]  Lasik also named Pat Griffen-Clark in her complaint; however, it appears that only the City has been served and filed an answer in Lasik's case.

2

1  (Id. at ¶¶ 30, 33.)

2  Lasik, who is diagnosed with bipolar disorder, began working as a Program Analyst for the City in 1984.  (Lasik Compl. at ¶¶ 3, 13-14.)  In May 2005, defendants allegedly began discriminating against her and subjecting her to a hostile work environment because of her condition and because she had questioned certain reporting documents the City used for various grant programs.  (Id. at ¶ 15.)  Lasik also alleges that defendants have failed to make accommodations for her, required her to take fitness for duty examinations and personality assessments, interfered with her disability leave, denied her a new position, and deprived her of necessary supplies.  (Id. at ¶¶ 16-19, 21-22, 24.)  Upon Lasik's return to work after defendants had required her to work from home, defendants also relocated her from the City Hall to the State Theater--where the only other employee working there was Noel.  (Id. at ¶¶ 21-22.)

The same counsel represents both plaintiffs and, in their complaints, both allege violations of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12300, and California's Fair Employment and Housing Act (FEHA), Cal. Gov't Code §§ 12900-12996.[2]  In both cases, the city asserts counterclaims for declaratory judgments to establish that plaintiffs are not covered by the ADA or FEHA.

Pursuant to Federal Rule of Civil Procedure 42(a), defendants now move to consolidate Noel and Lasik's cases. Neither Noel nor Lasik oppose defendants' motion so long as the

---

[2] Noel also alleges a claim for deprivation of a property interest pursuant to § 1983.

3

lengths of their depositions are not extended.[3]  (Noel's Clarification of Non-Opp'n to Mot. to Consolidate; Lasik's Clarification of Non-Opp'n to Mot. to Consolidate.)

II. <u>Discussion</u>

Pursuant to Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ."  Fed. R. Civ. P. 42(a).  Once a court finds that the actions "involve a common question of law or fact," Rule 42(a) vests the court with broad discretion to determine whether to consolidate the cases.  <u>Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. Cal.</u>, 877 F.2d 777, 777 (9th Cir. 1989); <u>see also</u> <u>Modesto Irrigation Dist. v. Gutierrez</u>, Nos. 06-00453, 06-00308, 2007 WL 915228, at *4 (E.D. Cal. Mar. 26, 2007) (reiterating the two steps of a Rule 42(a) inquiry).  In exercising its discretion, the court must balance "the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation."  <u>Paxonet Commc'ns, Inc. v. Transwitch Corp.</u>, 303 F. Supp. 2d 1027, 1029 (N.D. Cal. 2003) (citation omitted).

This court has previously observed that Noel and Lasik's cases "involve substantially identical legal and factual claims by the plaintiffs (i.e., disability discrimination and failure to accommodate) and by the City (i.e., that neither employee is covered by the statutes and neither employee is

---

[3] In their joint status report, Noel and defendants agreed to an enlarged time of ten to eighteen hours for depositions.  (Noel's Joint Status Report 3-4.)  Lasik and defendants also agreed to an enlarged time of fourteen to eighteen hours for depositions.  (Lasik's Joint Status Report 3.) This Order does not alter these agreements between the parties.

4

entitled to the accommodations they demand)." (Oct. 10, 2007 Order 2:3-4.) Rule 42(a), therefore, permits this court to consolidate the cases.

The liability questions in these two cases are not identical. Nevertheless, primarily because defendants seek and neither plaintiff opposes consolidation, the court will exercise its discretion to consolidate the cases in the interests of convenience and economy to the parties and the court. As both plaintiffs' non-opposition to defendants' motion to consolidate suggests, consolidating the cases will likely increase convenience and reduce expenses for all parties. See Burnett v. Rowzee, Nos. 07-641, 07-393, 07-591, 2007 WL 4191991, at *2 (C.D. Cal. Nov. 26, 2007) (considering the "potential burden on the parties[] [and] witnesses" that consolidating cases will cause) (citation omitted).

Lastly, while consolidating the cases will require the court to modify its Pretrial (Scheduling) Orders, the resulting delay in both cases is not substantial enough to outweigh the judicial convenience that consolidating them will facilitate.

IT IS THEREFORE ORDERED that defendants' motion to consolidate civil case Nos. S-07-00728 and S-07-01714 be, and the same hereby is, GRANTED;

IT IS FURTHER ORDERED that (1) Civ. No. S-07-00728 is designated as the "master file"; (2) the Clerk of the Court is directed to copy the complaint, answer, counterclaim, and answer to the counterclaim in Civ. No. S-07-01714 and to place said copies in the "master file"; (3) the Clerk of the Court is directed to administratively close Civ. No. S-07-01714; and (4)

1  the parties are directed to file all future pleadings only in
2  Civ. No. S-07-00728;
3         IT IS FURTHER ORDERED that the court's previously
4  issued Status (Pretrial Scheduling) Orders be, and the same
5  hereby are, amended only as follows: 1) the parties shall
6  simultaneously disclose experts and produce reports in accordance
7  with Federal Rule of Civil Procedure 26(a)(2) by July 27, 2008;
8  2) the parties shall complete all discovery by February 27, 2009;
9  3) the parties shall file all motions, except motions for
10 continuances, temporary restraining orders, or other emergency
11 applications, by August 12, 2009; 4) the Final Pretrial
12 Conference is set for December 14, 2009 at 2:00 p.m.; and 5) the
13 jury trial is set for February 9, 2010 at 9:00 a.m.
14 DATED:   February 14, 2008

                    WILLIAM B. SHUBB
                    UNITED STATES DISTRICT JUDGE